JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MATTHEW DEATES
Minnesota State Bar # 0400318
Assistant Federal Public Defender
Attorney for Defendant
matthew_deates@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | No. CR-19-1224-PHX-DJH |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Martin Gutierrez-Barba, | |
| Defendant. | |

Martin Gutierrez-Barba, through counsel, respectfully submits this memorandum in support of his request for a time-served sentence. Sentencing is scheduled for August 17, 2021, at 1:30 pm. At the time of sentencing, Mr. Gutierrez will have spent 71 days in custody. *See* Draft PSR p. 1, ECF No. 132.

. . .

. . .

. . .

. . .

**A.	A time-served sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing.**

Mr. Gutierrez was present in the United States on September 27, 2019,[1] to provide critical support for his terminally ill infant daughter. His daughter, a United States citizen, had been born two months prematurely and suffered from numerous life-threatening medical conditions. *See generally* Mot. to Allow Necessity Defense, ECF No. 87. Mr. Gutierrez underwent extensive training by medical professionals on how to care for his daughter and manage the series of machines that helped provide comfort and prolong her life. He was at his daughter's side, together with the rest of his family, when she ultimately succumbed to her illnesses. She was just 16 months old.

Mr. Gutierrez was also present in the United States to support his 13-year-old son, for whom Mr. Gutierrez is the sole legal custodian. His son's biological mother is addicted to methamphetamine, and she has always put her dependence ahead of their son's needs. Because she was an absent, neglectful parent, Mr. Gutierrez obtained sole custody in 2013. Whenever Mr. Gutierrez was in Mexico, his son—a United States citizen with no lawful status in Mexico—had no legal parent.

Mr. Gutierrez currently is the sole financial provider for his family. He and his wife, Claudia Vanessa, live in their home in Gilbert with their infant daughter, Melody, Mr. Gutierrez's son, Martin Junior, and Claudia Vanessa's four children from a previous marriage. Mr. Gutierrez works hard as a painter to support his wife and six children. He is a dedicated father whose sole mission is to make a better life for his kids. He was brought to the United States as a young child and

---

[1] This is the "found-in" date alleged in the superseding indictment. ECF No. 18.

has seen the promise this country affords its people. He wants that promise for his children, too, and has labored to ensure they are given a chance.

The Draft PSR correctly calculates Mr. Gutierrez's advisory Guidelines range as 10 to 16 months. Draft PSR ¶ 46. But, for the reasons outlined in 18 U.S.C. § 3553(a), a sentence of time served (71 days) is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

1. **The nature and circumstances of the offense, the history and characteristics of the defendant, and the need to promote respect for the law and provide just punishment.**

Mr. Gutierrez returned to the United States to be with and support his family. He fully accepts that his decision to return without permission broke the law. *See* Exhibit 1 (Mr. Gutierrez's letter to the Court). He understands that he must be punished. And he has been punished—greatly so. Twice now he has been taken away from his family and ordered detained at CoreCivic. He has spent a total of 71 days in custody. Those were 71 days that he couldn't be with his children. Couldn't take them to the park. Couldn't go to church with them. Couldn't work to support them. Those 71 days separated from his family were devastating and traumatizing. Not only for him, but also for his wife and children. His wife had the unthinkable burden of telling their six children that their father was not coming home. His young children cried over the phone as he tried to comfort them. He wished that he could hug them. Those 71 days proved traumatic enough for all. Having to be separated from his family for a third time would be unbearable.

While the law clearly prohibited Mr. Gutierrez's returning without permission, the law also recognizes the importance of family life and unity. Mr. Gutierrez's dedication to his family was the sole motivation for his offense. *See id.* The Ninth Circuit has repeatedly recognized that "[t]here is a 'compelling humanitarian interest in keeping families united.'" *United States v. Raya-Vaca*,

3

771 F.3d 1195, 1208 (9th Cir. 2014) (quoting *United States v. Haro-Munoz*, 552 F. App'x 689, 690 (9th Cir. 2014)); *see also Landon v. Plasencia*, 459 U.S. 21, 34 (1982) (observing that a noncitizen's "right to rejoin [his] immediate family . . . ranks high among the interests of the individual"); *Cerrillo-Perez v. INS*, 809 F.2d 1419, 1423 (9th Cir. 1987) (noting that "the Constitution protects the sanctity of the family precisely because it is deeply rooted in the Nation's history and tradition" ); 8 U.S.C. § 1182(d)(11) (INA's family-unity provision for the waiver of inadmissibility recognizing that "assur[ing] family unity" is in the public interest). Mr. Gutierrez did not return to the United States to commit other crimes. He returned to be with his family and support his children. By all accounts, he is an upstanding member of our society: a helpful neighbor and loving husband and father who works hard to provide for his family. *See* Exhibit 2 (letters of support). And he has been supervised by this Court for nearly two years without incident. *See* Pretrial Services Status Report, ECF No. 110. A sentence of time served is sufficient considering the circumstances of Mr. Gutierrez's offense, his personal history and characteristics, and the need to provide just punishment.

**2. The need to afford adequate deterrence to criminal conduct.**

This factor recognizes that punishment deters future misconduct. And it is true that Mr. Gutierrez has multiple convictions related to his returning to the United States without permission. But the need for deterrence in this case is greatly diminished. As the government has indicated, it is unlikely that Mr. Gutierrez will be removed to Mexico when this case is over. *See* ECF No. 125 (acknowledging that "it is likely [Mr. Gutierrez] is not a removal priority at this time"). The administration has changed and, with it, our nation's removal policies. The new enforcement policies recognize that people like Mr. Gutierrez are not a threat to our nation. Indeed, people like Mr. Gutierrez make our nation better. Without Mr.

Gutierrez here, his children, who are all United States citizens, would be without a hardworking, loving father. And because he will likely be allowed to remain in the United States, there is no need to impose a more severe sentence to deter him from future crime. This factor also supports a time-served sentence.

### 3. The need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct.

This factor also supports Mr. Gutierrez's requested sentence. In this district, people found guilty of the same crime as Mr. Gutierrez and with similar records are offered a fast-track plea offer from the government. The government's standard fast-track offer provides a four-level downward departure under USSG § 5K3.1 if the defendant, like Mr. Gutierrez, is not in criminal history category VI but qualifies for an increase to his base offense level under USSG § 2L1.2(b). This four-level downward departure would result in a total offense level of 4 for somebody with Mr. Gutierrez's record. Combined with Mr. Gutierrez's criminal history category IV, this yields an advisory Guidelines range of 2 to 8 months. Mr. Gutierrez's requested sentence of time served (71 days) falls within that range and avoids unwarranted disparity with those with similar records and who have been found guilty of similar conduct.

**B.   Conclusion**

Mr. Gutierrez has already been sufficiently punished for his crime. He was separated from his family not once, but twice. His 71 days in custody traumatized him and his family. He lost out on precious time with his terminally ill infant daughter. And the heartbreak he endured as he tried to comfort his other young children through the phone at CoreCivic will be seared in his memory forever. A sentence of time served meets all the requirements of 18 U.S.C. § 3553(a), and Mr. Gutierrez respectfully requests that the Court impose that sentence. Anything more would be harsher than necessary.

Respectfully submitted: August 6, 2021.

JON M. SANDS
Federal Public Defender

 *s/Matthew Deates*
MATTHEW DEATES
Assistant Federal Public Defender